TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00344-CR






James Allen Mitchell, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 31217, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 A jury convicted appellant James Allen Mitchell of one count of aggravated sexual
assault of a child and sentenced him to fifty years' imprisonment. See Tex. Penal Code
Ann. § 22.021 (West Supp. 2008). On appeal, appellant raises one issue, complaining that the
trial court erred in allowing a witness to testify as an expert "in the absence of proper determination
of her qualification" as an expert. We affirm the judgment of conviction.

 Appellant was convicted of sexually assaulting the victim, who was at the time about
twelve years old, in 1999, when she and her siblings lived with him. Appellant was sent to prison
in late 1999 for an unrelated charge and while in prison corresponded with the victim. The victim
did not make an outcry until 2003, at which time the police began an investigation. Letters between
appellant and the victim were introduced into evidence, and the victim, her sister, and her therapist,
among others, testified for the State. 

 Appellant's sole issue on appeal complains that the trial court should not have
allowed Emily Orozco to testify as an expert on sexual offenders. Orozco testified that she was a
licensed professional counselor and a state-licensed, sex-offender treatment provider. To obtain a
license (formerly a certification) for sex-offender treatment, she completed a 2,000-hour internship
under a licensed sex-offender treatment provider. She testified that she runs group therapy and treats
adults and juveniles, both male and female, who have committed sex offenses. Appellant objected
to Orozco's qualifications and on voir dire asked only whether she had psychology or psychiatric
degrees. The trial court overruled appellant's objection and allowed Orozco to testify about the
"offense cycle," which occurs when something triggers a sex offender to first fantasize about
committing abuse, form a plan, and then begin to implement the plan by grooming his victim and
testing her responses. She testified that she had reviewed letters that appellant wrote to the victim
after the abuse occurred and while he was in prison, in which he essentially told the victim that when
he was released they would have a future together, that he loved her, and that he wanted her to stop
dating other boys. Orozco said that in her opinion, appellant used several grooming techniques in
the letters to facilitate further sexual contact upon his release--testing the victim's responses,
building trust, putting himself on the victim's level and raising her up to his, drawing the victim in,
and establishing a relationship with her, all in an attempt to build and maintain control over her. She
further testified that the victim's delayed outcry did not surprise her and said that she had no doubt
that appellant "has a real problem with his sexual attraction to children." On cross-examination,
Orozco testified that she was currently running nine therapy groups, averaging seven or eight
individuals per group, and that she had been working as a counselor since 1997. 

 Appellant contends that "[o]nly a minimal inquiry to the qualifications of this witness
were made" and that the admission of Orozco's testimony was therefore reversible error. 

 A trial court may allow an expert to testify if she is "qualified as an expert by
knowledge, skill, experience, training, or education"and if the expert's testimony will "assist the trier
of fact to understand the evidence or to determine a fact in issue." Tex. R. Evid. 702. We review
a trial court's decision to allow an expert to testify for an abuse of discretion. Wyatt v. State,
23 S.W.3d 18, 27 (Tex. Crim. App. 2000). In determining whether a trial court abused its discretion
in evaluating an expert's qualifications, we ask whether the field of expertise is complex, how
conclusive the witness's opinion is, and "how central is the area of expertise to the resolution of the
lawsuit." Rodgers v. State, 205 S.W.3d 525, 528 (Tex. Crim. App. 2006). "When the expert is from
a nonscientific discipline (i.e., one involving technical or other specialized knowledge, experience,
and training as opposed to the scientific method), the test for reliability is: (1) whether the field of
expertise is a legitimate one, (2) whether the subject matter of the expert's testimony is within the
scope of that field, and (3) whether the expert's testimony properly relies on and/or utilizes the
principles involved in the field." Hardin v. State, 20 S.W.3d 84, 91-92 (Tex. App.--Texarkana
2000, pet. ref'd) (citing Nenno v. State, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998), and applying
Nenno test to probation officer who testified about sex offender's suitability for probation).

 Orozco testified that she had a master's degree in counseling and state-issued licenses
in counseling and treating sex offenders. She completed a 2,000-hour internship under a certified
sex-offender treatment provider and currently treats both male and female sex offenders. Appellant's
inquiry into and objection to Orozco's qualifications focused on the fact that she has only a master's
degree in counseling, not a doctoral degree in psychology or psychiatry. Although the inquiry into
Orozco's qualifications was somewhat brief, we cannot hold that the trial court abused its discretion
in determining that by virtue of her nine years of experience and specialized training and treatment
of sex offenders, Orozco was qualified to testify about how offenders groom children for abuse. See
Wyatt, 23 S.W.3d at 28; Hardin, 20 S.W.3d at 91-92; Davenport v. State, No. 02-05-00170-CR,
2006 Tex. App. LEXIS 5166, at *13-15 (Tex. App.--Fort Worth June 15, 2006, pet. ref'd)
(not designated for publication); Reid v. State, No. 02-04-00041-CR, 2005 Tex. App. LEXIS 3072,
at *3-4 (Tex. App.--Fort Worth Apr. 21, 2005, pet. ref'd) (not designated for publication). 

 Further, even if there had been error in allowing this testimony, appellant has made
no effort to show how this non-constitutional error harmed his substantial rights. See Tex. R. App.
P. 44.2(b) (error "that does not affect substantial rights must be disregarded"). We note that the
victim's therapist also testified about how appellant groomed the victim by flattering her, telling her
he missed her and that he wanted to maintain a relationship with her, and making her feel
comfortable with him. After reviewing the entire record, we hold that any possible error did not
affect appellant's substantial rights. See id. We overrule appellant's issue and affirm the trial court's
judgment of conviction.


 ___________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: November 14, 2008

Do Not Publish